878 F.2d 379
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank C. DEBROUSE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-2879.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1989
Decided June 15, 1989.
 
 Albert James Ahern, Jr. for appellant.
 Charles Edward Brookhart (James I.K. Knapp, Acting Assistant Attorney General, Gary R. Allen, Calvin C. Curtis, Tax Division, Department of Justice on brief) for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and ROBERT G. DOUMAR, United States District Judge for Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant, Frank C. DeBrouse, appeals the decision of the Tax Court, entered May 19, 1988, which found that he had fraudulently understated his income by $16,260 in 1972 and $148,713.70 in 1973. The court found that DeBrouse, who was president of Local 639 of the Teamsters Union from 1969-77, had failed to include income from goods and services he received at no cost or reduced cost from suppliers due to his position as president of Local 639 of the Teamsters Union. Appellant argues in essence that the Tax Court's findings are clearly erroneous.
 
 
 2
 DeBrouse argues that there was no taxable event for the years 1972-73 because the alleged cost overruns had not yet been assimilated and because there was a bona fide dispute with the architect who designed a beach home and new residence for DeBrouse and with the various builders used in constructing his new residence. DeBrouse also argues that there was no intent on his part to evade the payment of taxes, and that the Tax Court's subsidiary findings of fact do not support an ultimate finding of fraud.
 
 
 3
 After a detailed analysis of the financing of the design, construction, and furnishing of DeBrouse's home, the Tax Court found substantial underpayments for the years in question. There is ample support for this conclusion. Employees of Giant Foods, Inc., who relied upon members of Local 639 for distribution of food from its warehouse to its retail stores, testified that Giant provided the services of an architect to design DeBrouse's beach home and new residence in order to reduce the risk of labor problems. In 1973, DeBrouse also accepted carpeting from Giant for which the court found he had no intention to pay. The court further found no evidence that DeBrouse made an honest attempt to settle his dispute with Lyon Builders, the company which built his home. While DeBrouse argues that there was an ongoing dispute over the final cost of his home, the evidence indicates that he was made aware in a 1973 meeting that the cost of the home was more than $150,000 more than he had paid. The court found that DeBrouse was not billed for $3,045 of excavation work done by Excavation-Construction. Excavation-Construction employed between 80 to 100 truck drivers who were members of Local 639. The pattern which emerges from the evidence is that of a taxpayer who traded on his status as a union leader to extract substantial goods and services from those who were dependent on the services of Teamsters members and, further, who never intended to pay or to report as income the value of that which he received.
 
 
 4
 The Tax Court found, after evaluating independently each alleged source of unreported income, that in 1972 DeBrouse failed to report $16,260, and in 1973 he failed to report $148,713.70. The court also found that DeBrouse intended to defraud the government by failing to declare his full income. It noted the inconsistency between DeBrouse's argument that he did not know that he should have reported the goods and services received and the fact that he had reported the value of his personal use of an automobile supplied to him by Local 639.
 
 
 5
 The findings of the Tax Court, which have been set forth in some detail, are not clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). We affirm the judgment of the Tax Court for the reasons stated in its comprehensive opinion.
 
 
 6
 AFFIRMED.